UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA

        Plaintiff,

v.                                       Case No. 08-CR-230

PHILLIP COLEMAN, TIMOTHY TURNER,
TONY WASHINGTON and PATRICK COTTON,

        Defendants.
_____

# ORDER

On September 3, 2008, a grand jury sitting in this district returned a seven-count indictment with a forfeiture provision against defendants Phillip Coleman ("Coleman"), Timothy Turner ("Turner"), Tony Washington ("Washington") and Patrick Cotton ("Cotton"). Count One charged all defendants with conspiracy to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Count Two charged all defendants with conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Count Three charged all defendants with attempting to commit a robbery which would have obstructed, delayed and affected commerce, in violation of 18 U.S.C. §§ 1951 and 2. Count Four charged all defendants with attempting to possess with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Count Five charged all defendants with using and carrying a firearm in relation to, and in furtherance of, a crime of violence, in

violation of 18 U.S.C. § 924(c)(1)(A). Counts Six and Seven charged Coleman and Turner, respectively, with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). All defendants entered pleas of not guilty at their arraignments. Defendants moved for dismissal of the indictment claiming that the tactics of law enforcement violated the defendants' due process rights. On October 16, 2008, Magistrate Judge William E. Callahan, Jr. issued a recommendation that defendants' motions be denied. All defendants filed separate, and identical, objections to the Magistrate Callahan's recommendation.

Before examining the defendants' objections, the court notes that on October 21, 2008, a grand jury returned a five-count superceding indictment against the defendants. Counts One and Two of the superceding indictment are identical to Counts One and Two in the original indictment. Count Three of the superceding indictment charges all defendants with conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). Counts Four and Five of the superceding indictment are identical to Counts Six and Seven in the original indictment. The court does not consider defendants' motions to be moot as a result of the superceding indictment. While the superceding indictment modifies the charges against defendants, it does not affect the defendants' underlying arguments in support of their motions. Therefore, the court will proceed in addressing the defendants' objections to Magistrate Callahan's recommendation.

In their objections, defendants argue that Magistrate Callahan did not adequately consider the totality of the circumstances surrounding the conduct of law

enforcement in this case. In their original motion, defendants argued that law enforcement had violated due process by engaging in selective prosecution, entrapment, and by violating separation of powers principles. In their objections, defendants concede that none of these grounds standing alone are adequate to demonstrate a violation of due process in this case, let alone sufficient to warrant dismissal of the indictment. Yet, defendants claim, without citing any case law, that "[i]t is simply fundamentally unfair to permit law enforcement to imagine a crime, to then propose the crime to an individual and, if the individual agrees to help in committing the crime, to then arrest and charge the person with conspiracy." (Objection to Magistrate's Recommendation ¶ 10, Docket #44).

After considering defendants' objections *de novo*, the court accepts Magistrate Callahan's recommendation in its entirety. *See* Fed.R.Civ.P. 59(b)(3) (requiring *de novo* review of any objections to a magistrate's recommendation). Defendants' joint brief on their motions and their objections to Magistrate Callahan's recommendation argue in a conclusory manner that something was "not fair" about the sting operation carried out by law enforcement. However, regardless of one's personal opinion on the "fairness" of certain law enforcement tactics, the court finds no legal basis to dismiss the indictment in this case. Magistrate Callahan correctly found that the Seventh Circuit has never recognized outrageous government conduct as being a justification for dismissal of criminal charges. *See United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995). Magistrate Callahan was also correct in finding that defendants have not demonstrated they were victims of impermissible selective

-3-

prosecution, and that the defense of entrapment is a question of fact for a jury. Moreover, defendants provide no support for the proposition that somehow the court may conclude that defendants' due process rights have been violated by piecing together facts relevant to, but insufficient to establish, claims of entrapment, selective prosecution and violations of the separation of powers doctrine.

Accordingly,

**IT IS ORDERED** that the defendants' objections to Magistrate Callahan's recommendation (Docket #'s 44, 45, 46, and 47) be and the same are hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that the October 16, 2008 recommendation of Magistrate Callahan that the defendants' motions to dismiss be denied (Docket #37) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that defendants' motions to dismiss on due process grounds (Docket #'s 24, 28, 30, and 31) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge